George NELSON, Petitioner–Appellant

v.

Constance REESE; Rita A. Stanley,
Respondents–Appellees.

No. 06–60904

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 2007.

George Nelson, pro se.

Before REAVLEY, SMITH, and
BARKSDALE, Circuit Judges.

PER CURIAM: *

George Nelson, former federal prisoner
# 09924–018, challenges, *pro se*, the denial
of his motion under Federal Rule of Civil
Procedure 60(b), which he filed following
the dismissal of his 28 U.S.C. § 2241 peti-
tion as moot because he had been deport-
ed. Nelson contends that the Bureau of
Prisons (BOP) and Immigration and Cus-
toms Enforcement Agency (ICE) unconsti-
tutionally extended his prison term by fail-
ing to deport him by March 23, 2006. He
claims the agencies are liable for his "ille-
gal ... incarceration" and the stress they
have caused his family.

When an appellant fails to identify any
error in the district court's analysis, it is
the same as if the appellant had not ap-
pealed that judgment. *Brinkmann v. Dal-
las County Deputy Sheriff Abner*, 813 F.2d
744, 748 (5th Cir.1987). Although *pro se*
briefs are afforded liberal construction, *pro*

*se* litigants must still brief arguments in
order to preserve them. *Yohey v. Collins*,
985 F.2d 222, 224–25 (5th Cir.1993). Nel-
son does not challenge the district court's
determination that, because he had already
been released and deported, his § 2241
petition was moot. Accordingly, Nelson
has abandoned any challenge to the dis-
missal of his § 2241 petition as moot. *See
Yohey*, 985 F.2d at 224–25; *Brinkmann*,
813 F.2d at 748.

The denial of a Rule 60(b) motion is
reviewed for abuse of discretion. *See Ed-
wards v. City of Houston*, 78 F.3d 983, 995
(5th Cir.1996) (en banc). Under this stan-
dard, "[i]t is not enough that the granting
of relief might have been permissible, or
even warranted-denial must have been so
unwarranted as to constitute an abuse of
discretion." *Seven Elves, Inc. v. Eskenazi*,
635 F.2d 396, 402 (5th Cir.1981). The only
relief Nelson specifically requested from
the district court was his immediate re-
lease from prison and deportation. He
was released and deported. Thus, it can-
not be said that the district court abused
its discretion in denying Nelson's Rule
60(b) motion.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.